IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brittany Reid, individually and as Personal Representative of the Estate of Derrick Lamont Furtick,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Randall Williams, Ann Sheppard, Timothy Clark, Leslie Davis, Samuel Johnson, Sandy Williams, Devin Smalls, Derek Smith, Shayla Evans, and Shakie Williams,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 2:21-cv-03090-JMC<br><br>**ORDER** |

Plaintiff Brittany Reid filed this action pursuant to 42 U.S.C. § 1983, individually and as Personal Representative of the Estate of Derrick Lamont Furtick. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 22), recommending that the court grant Defendants' Motion for Partial Dismissal (ECF No. 7). For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 22) and **GRANTS** Defendants' Motion for Partial Dismissal (ECF No. 7), dismissing claims brought by Plaintiff in her individual capacity.

Plaintiff filed the Complaint (ECF No. 1) on September 24, 2021, alleging that Defendants were deliberately indifferent to Mr. Furtick's serious medical needs while he was incarcerated at Lieber Correctional Institution, ultimately resulting in Mr. Furtick's death. (ECF No. 1 at 8–9.) Defendants subsequently filed a Motion for Partial Dismissal (ECF No. 7) on November 10, 2021. Defendants assert that, as Mr. Furtick's mother and the personal representative of his estate, Plaintiff does not have adequate standing to bring suit in her individual capacity and request dismissal of such claims. (ECF No. 7 at 1.) Plaintiff submitted a Response to Defendants' Motion

1

(ECF No. 21), stating that she consents to the proposed consent order filed by Defendants regarding dismissal. On December 8, 2021, the Magistrate Judge submitted the Report (ECF No. 22) to the court, recommending that the court grant the Motion for Partial Dismissal. The parties were advised of their right to file objections to the Report. (ECF No. 22 at 3.) Neither of the parties filed objections.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In this case, not only are there no objections to the Report, but the parties have consented to partial dismissal. As such, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and **GRANTS** Defendants' Motion for Partial Dismissal (ECF No. 7), dismissing claims brought by Plaintiff in her individual capacity.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 7, 2022
Columbia, South Carolina

3